UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MATTHEW R. HEYERT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SWICKARD RAVENNA, LLC, a Washington limited liability company, SWICKARD BELLEVUE, LLC, a Washington limited liability company, SWICKARD MANAGEMENT COMPANY, a Washington corporation, VOLVO CAR USA LLC, a Delaware limited liability company, and JOHN DOES 1-20,<br><br>Defendants. | Case No.:<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>**JURY TRIAL DEMANDED**<br><br>(Removed from King County Superior Court No.: 25-2-21263-7) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants Volvo Car USA, LLC ("Volvo"), Swickard Ravenna, LLC, Swickard Bellevue, LLC, and Swickard Management Company (collectively "Defendants") hereby remove to this Court, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1332, the action pending as Case No. 25-2-21263-7 in the Superior Court of



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700

Washington, County of King. In support of this Notice of Removal, Defendants state the following:

## I. NATURE OF THE REMOVED CASE

Plaintiff Matthew R. Heyert ("Plaintiff") filed this civil class action against Defendants in the Superior Court of Washington, County of King, on July 22, 2025. True and correct copies of the Summons and Complaint are attached as Exhibit A to this Notice.

Plaintiff, individually and on behalf of all others similarly situated, brings this putative class action alleging causes of action under the (1) Washington Consumer Protection Act; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) fraudulent omission/concealment; (6) breach of contract/implied covenant of good faith and fair dealing; and (7) negligent misrepresentation. Ex. A, Compl., ¶¶ 7.1–12.4. ***Importantly, Plaintiff specifically seeks relief under the Magnuson-Moss Warranty Act ("Magnuson-Moss")***. *Id.* at Prayer for Relief. Specifically, Plaintiff alleges that model years 2016-2022 of Volvo XC60, XC90, and S60 vehicles contain a brake defect affecting the brake booster and/or master brake cylinder.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINALJURISDICTION.

This Court has federal question jurisdiction over Plaintiff's Magnuson-Moss claim for relief (15 U.S.C. § 2301 *et seq.*) and supplemental jurisdiction over Plaintiff's remaining claims. However, even if this Court does not have federal question jurisdiction, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").

### A. This Court Has Federal Question Jurisdiction Over Plaintiff's Magnuson-Moss Warranty Act Claim and Supplemental Jurisdiction over Plaintiff's Remaining Claims.

This Court has original jurisdiction under 28 U.S.C. §§ 1331, because: (1) Magnuson-Moss arises under federal law; (2) the aggregated amount in controversy exceeds the $50,000



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700

statutory requirement; and (3) the other state law claims arise out of the same case or controversy.

**i. Plaintiff's Magnuson-Moss Warranty Act Claim Arises under Federal Law.**

Federal district courts have original jurisdiction over cases "arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. A case "arises under" federal law where the federal law creates the cause of action or where the state law claim(s) turn on the construction of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 8–9 (1983). Because Plaintiff asserts a claim for relief against Defendants under Magnuson-Moss, 15 U.S.C. § 2301 *et seq.*, Plaintiff has asserted a claim arising under federal law. *See* Ex. A, Compl., Prayer for Relief (9). Thus, the state court action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

**ii. Plaintiff's Magnuson-Moss Warranty Act Claim Exceeds the Statutory $50,000 Amount in Controversy Requirement.**

Before a federal court can exercise subject matter jurisdiction under Magnuson-Moss, the statutory amount-in-controversy requirement of $50,000 must be established. 15 U.S.C. § 2310(d)(3)(B). To determine the amount in controversy, a district court will consider whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87–88 (2014). Plausible allegations alone may be sufficient; evidence is required only if the plaintiff contests—or the court questions—the plausibility of the defendant's allegations. *Id.* at 89, 95; *see Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

While the Complaint does not specify the amount in controversy, a reasonable person reading the Complaint would conclude that Plaintiff is seeking damages in excess of $50,000. First, the request for attorney's fees coupled with Plaintiff's demand letter approximating attorney's fees already incurred at $78,000 evidences that the amount in controversy exceeds



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700

$50,000. These attorney's fees will only increase as litigation continues, further evidencing that the amount in controversy requirement is met. *See Arias*, 936 F.3d 920, 922 (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). Second, while Plaintiff does not allege the purchase price of his 2018 Volvo XC60, the manufacturer's suggested retail price of a 2018 Volvo XC60 was between $42,495 and $57,696.[1] This alone makes it plausible that the amount in controversy exceeds $50,000 even without considering the attorney's fees. Third, Plaintiff alleges a total of seven causes of action, which the Court may aggregate to satisfy the amount in controversy requirement. 15 U.S.C. § 2310(d)(3). Fourth, Plaintiff's request for treble damages, not to exceed $25,000, further makes it plausible that the amount in controversy exceeds $50,000. Lastly, Plaintiff has paid, based on information and belief, $7,371.38 in out-of-pocket repairs which he also seeks to recover. Ex. A, Compl. ⁋ 5.14 ($2,986.29); Ex. C., Swickard Auto Group Receipt ($4,385.09). Thus, there is plenty of evidence that the amount in controversy for Plaintiff's Magnuson-Moss claim exceeds $50,000 such that this Court has jurisdiction.

**iii. The Court Has Supplemental Jurisdiction Over Plaintiff's State Law Claims.**

Federal district courts have supplemental jurisdiction over all claims related to the claims over which the Court has original jurisdiction that form part of the same case or controversy. 28 U.S.C. § 1367(a); *see, e.g., Bale v. General Telephone Co. of Cal.*, 795 F.2d 775, 778 (9th Cir. 1986) (holding that the court had supplemental jurisdiction over state law claims that share with the federal claim "a common nucleus of operative fact").

Here, Plaintiff's remaining state law claims—Washington Consumer Protection Act, breach of express warranty, breach of implied warranty of merchantability, fraudulent omission/concealment, breach of contract/implied covenant of good faith and fair dealing, and

[1] Used 2018 Volvo XC60, Kelley Blue Book, https://www.kbb.com/volvo/xc60/2018/.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700

negligent misrepresentation—all involve the same allegedly defective vehicle, written warranties, and the Defendants' conduct relating thereto. All of Plaintiff's claims, state and federal, thus arise out of a common nucleus of operative fact. Accordingly, the Court has supplemental jurisdiction over Plaintiff's remaining state law claims as they form part of the same case or controversy.

**B. This Court Also Has Jurisdiction Under the Class Action Fairness Act.**

This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d).

**i. There are More than 100 Putative Class Members.**

First, there are more than 100 putative class members. Plaintiff defines the putative class as "[a]ll persons who purchased or leased a Class Vehicle (model years 2016-2022) that was sold and/or distributed by Defendants in Washington State and that underwent or required a repair to the brake booster and/or master brake cylinder while located in Washington." Ex. A, Compl., ⁋ 4.1. Plaintiff goes on to state that "the Class includes potentially ***hundreds*** of members throughout Washington." *Id*. at ⁋ 4.2 (emphasis added). Thus, by Plaintiff's own admission there are more than 100 putative class members.

**ii. There is Minimal Diversity.**

Second, there is minimal diversity. Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Based on information and belief, Plaintiff is a citizen of Washington. Ex. A, Compl., ⁋ 3.1; *Ehram v. Cox Comm., Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A natural person's state citizenship is determined by her state of domicile[.]"). Volvo is a citizen of Sweden because it is a wholly owned subsidiary of Volvo Cars North America, LLC which is a wholly owned



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700

subsidiary of Volvo Car Corp., a Swedish corporation with its principal place of business in Gothenburg, Sweden. *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894, (9th Cir. 2006) (An LLC "has the citizenships of all of its members."). Thus, minimal diversity exists as Plaintiff is a citizen of Washington and Volvo is a citizen of Sweden.

**iii. The Amount in Controversy Exceeds $5,000,000.**

Third, the amount in controversy exceeds $5,000,000. CAFA requires "the claims of the individual [purported] class members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

The Complaint asserts seven causes of action and seeks a wide variety of damages, including, but not limited to, out-of-pocket repair costs, diminished value, loss of use, overpayment, monthly loan payments, vehicle refund or replacement, emotional distress, treble damages, injunctive relief, restitution or disgorgement, putative damages. Ex. A, Compl., ¶¶ 7.6, 8.6, 9.5, 10.5, 11.4, 12.4, Prayer for Relief. Plaintiff seeks to represent ***hundreds*** of individuals. *Id*. at 4.2. Looking first at Plaintiff's vehicle refund request, a putative class of 200 would yield an amount in controversy of just over $10,000,000 (200 class members x $50,095 average MSRP of Plaintiff's class vehicle model and year). Not only is this a low estimate based on Plaintiff's class size allegations, but this also does not factor in that the stock EX90, one of the class vehicle models, is double the price of Plaintiff's class vehicle model.[2] Further, Plaintiff has incurred, to our knowledge, $7,371.38 in out-of-pocket repair costs. If we accept that Plaintiff's claims are typical of the class, then around $1,500,000 in repair costs further increases the amount in controversy (200 class members x $7,371.38 repair costs). Thus, replacement and repair costs push the estimated amount in controversy to just over $11,500,000 without factoring in any other damages Plaintiff seeks. *See Dart Cherokee*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that he amount in controversy exceeds the jurisdictional threshold."). Clearly, the amount in controversy here is well over the $5,000,000 statutory requirement.

---

[2] *Volvo car comparison*, Volvo Car Corporation, https://www.volvocars.com/us/cars/compare-cars/?models=ex30-electric%2Cex90-electric%2Cs60-petrol.



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700

Thus, this Court has original jurisdiction over this suit under CAFA.

## III. DEFENDANTS' REMOVAL IS TIMELY.

Plaintiff filed his Complaint in the aforementioned state court on July 22, 2025. *See* Ex. A, Compl. Defendant Volvo Car USA, LLC was properly served on August 7, 2025. *See* Ex. B, Proof of Service. Thus, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.").

## IV. VENUE IS PROPER.

For the purposes of this Notice of Removal, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a) because it is "the district and division embracing the place where such action is pending," namely, King County, Washington. *See* Ex. A, Compl.

## V. DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues that may be tried to a jury.

## VI. CONCLUSION

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1367, 1441, and 1332 because: (1) Plaintiff's Magnuson-Moss claim establishes federal question jurisdiction, under which all remaining state law claims are subject to this court's supplemental jurisdiction; and (2) Plaintiff's claims establish diversity jurisdiction under the Class Action Fairness Act. Thus, this case is removable to federal court. Defendants hereby remove the above-captioned action to the United States District Court for the Western District of Washington.

Respectfully Submitted this 8th day of September, 2025.

SHOOK, HARDY & BACON, LLC

By: */s/ Hunter K. Ahern*

Hunter K. Ahern, WSBA #54489
701 5th Avenue, Suite 6800
Seattle, WA 98104
Tel.: 206.344.7600 | Fax 206.344.3113
E-mail: hahern@shb.com

Michael L. Mallow (*pro hac vice forthcoming*)
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: 424.285.8330 | Fax: 424.204.9093
E-mail: mmallow@shb.com

Stephanie S. McGraw (*pro hac vice forthcoming*)
Tory A. Martin (*pro hac vice forthcoming*)
600 Travis Street, Suite 3400
Houston, TX 77002
Tel: (713) 227-8008 | Fax: 713.227.8008
E-mail: smcgraw@shb.com
E-mail: tmartin@shb.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system and caused a true and correct copy of the same to be served on all parties and counsel of record as listed below:

**Counsel for Plaintiff**

| | | |
|---|---|---|
| ENTENTE LAW PLLC<br>James B. Pizl, WSBA #28969<br>Daniel J. Teimouri, WSBA #47965<br>315 39th Avenue SW, Suite 13<br>Puyallup, WA 98373-3690<br>(253) 446-7668<br>jim@ententelaw.com<br>dteimouri@ententelaw.com<br>litigation@ententelaw.com | ☐<br>☐<br>☒<br>☒ | Hand Delivery<br>U.S. Mail Postage Prepaid<br>E-mail<br>CM/ECF Court Notice |

DATED this 8th day of September, 2025.

*/s/ Hunter K. Ahern*
Hunter K. Ahern, WSBA #54489



SHOOK, HARDY & BACON L.L.P.
701 Fifth Ave., Suite 6800
Seattle, WA 98104
Telephone: 206.344.6700